IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUCAP REO CORP., | No. C 12-3964 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND AWARDING PLAINTIFF FEES AND COSTS (Docket No. 8) |
| v. | |
| RICARDO G. CRUZ; IMELDA S. CRUZ; and CARLOS MARTINEZ, | |
| Defendants. | |

Plaintiff Trucap Reo Corporation moves to remand this action to San Mateo County Superior Court and seeks an award of attorneys' fees and costs from Defendant Carlos Martinez. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand and AWARDS it fees and costs.

BACKGROUND[1]

U.S. Bank National Association filed this action in San Mateo County Superior Court on October 14, 2011, asserting a single cause of action for unlawful detainer against Defendants Ricardo G. Cruz, Imelda S. Cruz and Does 1 through 100 and seeking possession of property located at 5 Santa Ana Avenue in Daly City, California. Request for Judicial Notice (RJN) ¶ 1, Ex. 1 (Compl.). U.S. Bank limited its claim for damages to $10,000. Id. at 1. In the complaint, U.S. Bank alleged that Ricardo and

---

[1] Plaintiff seeks judicial notice of certain documents filed in the state court action and in the related case in this Court. Because the documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the Court GRANTS Plaintiffs' request. See Federal Rule of Evidence 201(b)(2).

Imelda Cruz had executed a Deed of Trust with power of sale, which was recorded on or about April 18, 2007, and that the Deed of Trust encumbered the Santa Ana property. Id. at ¶ 4. U.S Bank further alleged that it had purchased the Santa Ana property from the Trustee after the property had been foreclosed upon. Id. It named as Doe Defendants individuals who were in possession of the property at the time of sale or remain in possession after the sale. Id. at ¶ 6.

Service on all Defendants was completed on November 3, 2011. RJN, Ex. 2. On January 31, 2012, Martinez filed an answer to the complaint. RJN, Ex. 3. On February 14, 2012, Plaintiff was substituted in place of U.S. Bank. RJN, Ex. 4. Plaintiff represents that trial was set in the matter for March 19, 2012.

On March 13, 2012, Martinez filed his first notice of removal, removing the action to this Court. RJN, Ex. 5. Martinez asserted that there was federal question jurisdiction under 28 U.S.C. § 1331. On April 16, 2012, this Court found that there was no federal question jurisdiction and remanded the case to state court. RJN, Ex. 6. Plaintiff represents that the state court set trial in the matter for July 30, 2012.

On July 27, 2012, Martinez filed another notice of removal, removing the case to this Court a second time. Docket No. 1. In his notice of removal, Martinez asserts that this Court has subject matter jurisdiction based both on diversity of citizenship and the existence of a federal question.

On August 8, 2012, Plaintiff filed the instant motion to remand. Docket No. 8.

2

On September 4, 2012, the Court noted that Defendant Carlos Martinez had not filed an opposition to Plaintiff's motion to remand within the time period set forth in Civil Local Rule 7-3 and ordered Defendant to file a response by September 18, 2012. Docket No. 15.  At that time, the Court warned Defendant that, if no response is received, Plaintiff's motion to remand may be granted.  As of the date of this Order, Defendant has not filed a response to Plaintiff's motion to remand or the Court's order to show cause.

## DISCUSSION

I.  Plaintiff's Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  On a motion to remand, the scope of the removal statute must be strictly construed.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

This Court has already held that it lacks federal question jurisdiction over this matter.  RJN, Ex. 6.  As the Court previously stated, this removed case is a residential unlawful detainer action following a judicial foreclosure, and it contains

3

one cause of action for unlawful detainer, which arises exclusively under state law.  Id.

The Court also finds that there is no diversity jurisdiction  The complaint alleges that Plaintiff seeks damages in an amount not to exceed $10,000.  Because the amount in controversy is less than $75,000, diversity jurisdiction is lacking.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

Further, removal of an action to federal court must be timely.  Pursuant to 28 U.S.C. § 1446(b), notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Here, Martinez filed his notice of removal more than nine months after being served with the complaint and more than three months after this Court remanded the action to state court after his first removal.

In sum, Martinez's second removal of this action was improper due to both the absence of federal jurisdiction and the untimeliness of the notice of removal.  Accordingly, the Court GRANTS Plaintiff's motion to remand.

II. Plaintiff's Request for Costs and Fees in Connection with the Motion to Remand

Plaintiff requests an award of reasonable fees and costs that it has incurred as a result of Martinez's second removal of this action.

4

Title 28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether to order such an award, the court must assess whether removal was "wrong as a matter of law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, it is clear that there was no objectively reasonable basis for removal. Although Martinez is proceeding pro se and thus may be given some leeway, this Court has already granted a motion to remand once previously in this case. Further, Plaintiff represents that Martinez waited until shortly before trial was set to begin in state court to remove this action to federal court each time. Further, Martinez has failed to oppose the motion to remand or respond in any way to the Court's order to show cause. Thus, it is evident that Martinez removed the action solely to delay Plaintiff's recovery of its own property and did not intend to defend this action in federal court. Accordingly, the Court GRANTS Plaintiff's request for an award of reasonable fees and costs.

Plaintiff has requested $790 in fees and costs. Mot. to Remand 2, 10-11. Plaintiff's counsel has submitted a declaration stating that his office spent two and a half hours preparing Plaintiff's motion to remand, including one and a half hours of attorney time billed at $200 per hour and one hour of staff time

5

billed at $90 per hour. Parnaz Decl. ¶ 2. Because the motion to remand was decided without a reply from Plaintiff and no hearing was held, the Court declines to include the amount requested for fees anticipated to be incurred in connection with preparing a reply and attending a hearing. Thus, the Court grants Plaintiff $390 in attorneys' fees and costs.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to remand (Docket No. 8). The Court also AWARDS Plaintiff $390, to be paid by Martinez to Plaintiff within twenty days of the date of this Order.

The Clerk shall remand this action to San Mateo County Superior Court and close the file. Defendants shall not attempt to remove this case in the future.

IT IS SO ORDERED.

Dated: 10/3/2012

CLAUDIA WILKEN
United States District Judge